Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff*
and those similarly situated

# IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THELENDINGFAMILY.COM, an unknown business entity, JOHN DOE, an individual,<br><br>Defendants. | Case No.: [Case No.]<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

1. Plaintiff ALEJANDRO VALLESILLO ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant THELENDINGFAMILY.COM ("Lending Family", or "Defendant") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of sending unsolicited telemarketing text messages to the cellular telephones of consumers whose phone numbers were registered on the Federal Do Not Call ("DNC") Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Defendants offer loans and cash advances. As a part of their marketing, Defendants sent thousands of text messages to subscribers whose phone numbers were registered on the Federal DNC Registry.

3. Defendants did not obtain express written consent prior to sending these texts, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6. The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging to those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7. By sending texts to people who have registered their phone numbers on the DNC registry, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

8. Plaintiff therefore seeks an injunction requiring Defendants to stop their unsolicited texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff ALEJANDRO VALLESILLO is a natural person and is a citizen of Omaha, Nebraska.

10. Defendant Lending Family is an unknown business entity.

11. Defendant John Doe is an individual who is in control of Defendant Lending Family.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

13. This Court has specific personal jurisdiction over Defendants because Defendants caused the violating texts to be sent to Plaintiff in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

15. Defendant Lending Family offers cash loans and advances.

16. Defendant John Doe obtained a list of people to text solicitations on behalf of Lending Family.

17. Defendant John Doe uploaded the list of people's phone numbers to his texting vendor.

18. On behalf of Lending Family, John Doe sent unsolicited text messages advertising services to Plaintiff and the Class.

19. Defendants did not attempt to obtain consent from Plaintiff and the Class or check the DNC Registry before sending these unsolicited texts.

## FACTS SPECIFIC TO PLAINTIFF

20. Starting in February, Plaintiff received unsolicited text messages to his personal cell phone.

21. On February 28, 2024, Plaintiff received a text stating "Following up on our promo of 100K for 115K over 2-4 yrs. If this can work for you respond with a good email."

22. On March 12, 2024, Plaintiff received a text stating: "Following up on our promo of 100K for 115K over 2-4 yrs. If this can work for you respond with a good email."

23. On June 3, 2024, Plaintiff received a text stating: "If I can get you 100K for 115K over 2-4 yrs is that something that can work for you? Please send your email if so. (Course correction: Reply STOP to opt out)."

24. Plaintiff's phone number ending in 8312 had been registered on the Federal DNC Registry since December 2021.

25. To find out who was calling, Plaintiff eventually responded to the text messages.

26. Plaintiff received an email from Mike O, a "funding specialist" on behalf of Defendants, coming from Defendants' email domain thelendingfamily.com.

27. Plaintiff never consented to receive text messages from Defendants. Plaintiff never heard of Defendants and has no relationship whatsoever with Defendants except for this interaction.

28. Defendants' texts violated Plaintiff's statutory rights and caused actual and statutory damages.

29. In addition to causing statutory damages, the illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff.

## CLASS ALLEGATIONS

30. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) to whom Defendants sent text messages.

31. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

32. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants sent texts to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

33. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited text messages.

34. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

35. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a. Whether the texts were sent by Defendants;

   b. Whether Defendants were checking the DNC registry;

   c. Whether the texts promoted Defendants' services;

   d. Whether Defendants obtained written express consent prior to sending the texts;

  e. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

37. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**DNC Provision**
**(On behalf of Plaintiff and the TCPA Class)**

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. The telephone numbers of Plaintiff and the Class are registered on the Federal DNC Registry.

40. Defendants sent unsolicited texts to Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so.

41. Defendants' actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by making soliciting telephone numbers listed on the DNC Registry. 47 C.F.R. § 64.1200(c)(2).

42. Defendants' texts were sent for the commercial purpose of selling their commercial services.

43. Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

44. Plaintiff also seeks a permanent injunction prohibiting Defendants from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal DNC Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ALEJANDRO VALLESILLO, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as Class representative and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate 47 CFR § 64.1200(d)(1) and (2);

D. An order declaring that Defendants' actions, as set out above, violate the TCPA, willfully and knowingly;

E. An injunction requiring Defendants to cease all unlawful texts without first obtaining the recipients' express consent to receive such texts, and otherwise protecting interests of the Class;

F. An award of actual damages and/or statutory fines and penalties;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 4, 2024              Respectfully submitted,

By: s/ Mark L. Javitch
　　Bar Number: CA 323729
　　Attorney for Plaintiff
　　Javitch Law Office
　　3 East 3rd Ave. Ste. 200
　　San Mateo, California 94401
　　Telephone: (650) 781-8000
　　Fax: (650) 648-0705
　　Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*