IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THELENDINGFAMILY.COM, an unknown business entity; and JOHN DOE, an individual;<br><br>Defendants. | 8:24CV343<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Motion for Leave to Conduct Early Discovery. Filing No. 3. In his motion, Plaintiff seeks the Court's leave, pursuant to Fed. R. Civ. P. 26(d)(1), to conduct limited early discovery for purposes of determining the identity of the Defendant John Doe[1]. More specifically, Plaintiff requests this Court's leave to serve a subpoena upon Godaddy, Inc. for "Invoices or other documents to identify names and addresses for the account TheLendingFamily.com." Filing No. 3-3. As a summons has not yet been issued for either Defendant and neither Defendant has entered an appearance and/or answered or otherwise responded to the Complaint, this motion is an ex parte motion.

---

[1] While Plaintiff refers to plural Defendants throughout his briefing, the Court interprets Plaintiffs motion as seeking early discovery for the sole purpose of identifying the John Doe Defendant.

1

## BACKGROUND

On September 4, 2024, Plaintiff filed a Complaint against TheLendingFamily.com ("the Website Defendant") and a John Doe Defendant which alleges class claims for violation of 47 U.S.C. § 227(c), relating to alleged unsolicited commercial text messages sent by Defendants without the receiving party's consent. Filing No. 1. The day after the Complaint was filed, Plaintiff filed the present motion. No summons has been requested for either Defendant and no answers have been filed.

Pursuant to evidence before the Court, Plaintiff attempted to identify the John Doe Defendants identity by: (1) searching Defendant's website for mention of a business name; (2) searching the New York Secretary of State's website (a New York address is available on the relevant website) for "Lending Family"; and (3) emailing a copy of the filed complaint, on September 4, 2024, to info@thelendingfamily.com, an email address found on the Website Defendant's website. Filing No. 3-2. Plaintiff indicates these routes have not resulted in any information regarding the identity of the John Doe Defendant. Filing No. 3-2. Plaintiff also avers a public domain records search reveals the relevant website is hosted by Godaddy, Inc. Filing No. 3-2.

Based on this information, Plaintiff moves for early discovery directed at Godaddy, Inc. Plaintiff admits that he has located both a potential physical address and email address for the Website Defendant. Filing No. 3-2.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 26(d)(1),

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Given the posture of the case, the only avenue by which Plaintiff can serve early discovery is by court order. "'The party requesting expedited discovery must show

the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to [the] responding party.'" *McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2015 WL 11108872, *3 (D.Neb. Apr. 8, 2015) (quoting *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D.Mo. 2008)).

Though the Eighth Circuit has not adopted a standard to govern when a court should permit expedited discovery, district courts in the Eighth Circuit have generally applied a "good cause" standard in determining whether early discovery is appropriate. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2278111, *4 (D.Minn. May 18, 2018) (collecting cases). Plaintiff argues good cause exists for early discovery in order to identify the John Doe Defendant.

After considering the relevant standard, including the administration of justice and possible prejudice, at this time, the Court finds that Plaintiff has not established good cause for expedited discovery.

Here, Plaintiff indicates he has identified both a physical address and email address for the Website Defendant. Though Plaintiff delineates his attempts to contact Website Defendant at the email address located, he has not requested a summons for Website Defendant and, further, has not described any efforts to serve Website Defendant at the address located. There is no indication that Website Defendant cannot and should not have the opportunity to be heard on the issues at hand. This is especially the case when Plaintiff indicates the John Doe Defendant acted on behalf of Website Defendant including allegedly "obtain[ing] a list of people to text solicitations" and thereafter the John Doe sending unsolicited text messages. Filing No. 3-1, p. 2. As stated in his brief, it appears that Website Defendant can likely provide Plaintiff with the identity of the John Doe defendant, either informally or via formal discovery, without the need for Plaintiff to subpoena GoDaddy. This is not a situation in which all defendants are unknown and, as such, the Court finds the scenario at hand distinguishable from the cases cited by Plaintiff.

Accordingly, the Court denies Plaintiff's Motion for Leave to Conduct Early Discovery, Filing No. 3, without prejudice.

IT IS SO ORDERED.

Dated this 26th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge