IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THELENDINGFAMILY.COM, an unknown business entity; and JOHN DOE, an individual;<br><br>Defendants. | 8:24CV343<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Motion for Leave to Conduct Early Discovery wherein Plaintiff moves, pursuant to Fed. R. Civ. P. 26(d)(1) to conduct early discovery to determine the identity of Defendants. Filing No. 8.

## BACKGROUND

On September 4, 2024, Plaintiff filed a Complaint against TheLendingFamily.com ("the Website Defendant") and a John Doe Defendant which alleges class claims for violation of 47 U.S.C. § 227(c), relating to alleged unsolicited commercial text messages sent by Defendants without the receiving party's consent. Filing No. 1. This is Plaintiff's second motion for leave to conduct early discovery, the first having been denied without prejudice because Plaintiff had not attempted to serve the Website Defendant at the time of the first motion. Filing No. 4. Plaintiff has now attempted to serve the Website Defendant and the summons was returned unexecuted. Filing No. 7.

Plaintiff has provided the Court with evidence that: (1) on September 4, 2024, Plaintiff's attorney emailed the known email addresses for Defendant, requesting information regarding the Website Defendant's registered agent and

1

received no response; (2) mailed a copy of the Complaint to the address on the Website Defendant's address and received no response; and (3) on September 30, 2024, Plaintiff attempted to serve Defendant at the address on its website; however, the address was not affiliated with Defendant and the summons was returned unexecuted. Filing No. 8-2. Plaintiff also indicates he has not been able to locate the Website Defendant with the New York Secretary of State and there is no registered agent on file. Filing No. 7; Filing No. 8-2.

Plaintiff has evidence indicating the website in question is hosted by GoDaddy, Inc.. Filing No. 8-2. As such, Plaintiff is requesting early discovery, namely, a subpoena to GoDaddy which requests "invoices or other documents to identify names and addresses for the account" of the Website Defendant. Filing No. 8-4.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 26(d)(1),

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Given the posture of the case, the only avenue by which Plaintiff can serve early discovery is by court order. "'The party requesting expedited discovery must show the need for expedited discovery, in consideration of the administration of justice, outweighs prejudice to [the] responding party.'" *McDonald Apiary, LLC v. Starrh Bees, Inc.*, No. 8:14CV351, 2015 WL 11108872, *3 (D. Neb. Apr. 8, 2015) (quoting *Monsanto Co. v. Woods*, 250 F.R.D. 411, 413 (E.D.Mo. 2008)).

Though the Eighth Circuit has not adopted a standard to govern when a court should permit expedited discovery, district courts in the Eighth Circuit have generally applied a "good cause" standard in determining whether early discovery

is appropriate. *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2278111, *4 (D.Minn. May 18, 2018) (collecting cases). Plaintiff argues good cause exists for early discovery to determine the identity of the Defendants.

Given the evidence before the Court, the undersigned finds Plaintiff has shown good cause to perform the limited discovery requested on GoDaddy, Inc. *See First Nat'l of Neb., Inc. v. Does 1*-5, 8:06CV504 (D. Neb. July 26, 2006). The Court grants Plaintiff's motion. Filing No. 8. Plaintiff may serve the subpoena found at Filing No. 8-4 on GoDaddy, Inc.

IT IS SO ORDERED.

Dated this 19th day of November, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge