IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> THELENDINGFAMILY.COM, an unknown business entity; JOHN DOE, an individual; JACQUELINE LEVY, an individual; and JACOB LEVY, an individual; <br><br> Defendants. | **8:24CV343** <br><br><br> **ORDER** |

This matter is before the Court on Plaintiff's motion for leave to permit alternate service on Defendant Jacob Levy. Filing No. 19.

Plaintiff filed this putative class action against unknown defendant John Doe and unknown business entity TheLendingFamily.com on September 4, 2024. Filing No. 1. After Plaintiff tried and failed to serve TheLendingFamily.com, the Court granted Plaintiff's motion for expedited discovery and allowed Plaintiff to subpoena the website hosting TheLendingFamily.com (Godaddy) to discover Defendants' identities. Filing No. 9.

Godaddy produced a file in response to Plaintiff's subpoena naming Jacob Levy as one of TheLendingFamily.com's owners. Filing No. 20 ¶ 5. Plaintiff filed an amended complaint adding Jacob as a defendant. Filing No. 11. Plaintiff confirmed Jacob's residential address in Godaddy's files using a public records search and unsuccessfully attempted service at this address three times. First *see* Filing No. 20 ¶ 6, and then *see* Filing No. 17 (unexecuted summons return). Plaintiff now moves for permission to serve Jacob via "nail and mail" service under New York state law.

1

Federal Rule of Civil Procedure 4(e) provides an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Plaintiff is attempting to serve Jacob at an address in Brooklyn, New York. *See* Filing No. 17.

"Under the [New York] Civil Practice Law and Rules, the preferred methods of personal service on an individual are by delivering the summons to the defendant (*see* CPLR 308(1)), or by delivering the summons to a person of suitable age and discretion [at the actual place of business, dwelling place or usual place of abode of the person to be served] and mailing another copy of the summons to the defendant's last known residence or actual place of business (*see* CPLR 308(2)). If service cannot be effected by those methods 'with due diligence,' CPLR 308(4) permits so-called 'nail and mail' service, which entails affixing the summons to the door of the defendant's 'actual place of business, dwelling place or usual place of abode,' and by mailing the summons either to the defendant's last known residence or actual place of business." *McSorley v. Spear*, 50 A.D.3d 652, 653 (N.Y. App. Div. 2d Dept. 2008).

"The due diligence requirement of CPLR 308(4) must be strictly observed, given the reduced likelihood that a summons served pursuant to that section will be received." *Niebling v. Pioreck*, 222 A.D.3d 873, 875 (N.Y. App. Div. 2d Dept. 2023) (quoting *Prego v. Bartkowski*, 216 A.D.3d 679, 681 (N.Y. App. Div. 2d Dept. 2023)). "What constitutes due diligence is determined on a case-by-case basis, focusing not on the quantity of the attempts at personal delivery, but on their quality." *Coley v. Gonzalez*, 170 A.D.3d 1107, 1108 (N.Y. App. Div. 2d Dept. 2019) (quoting *McSorley*, 50 A.D.3d at 653).

"For the purpose of satisfying the 'due diligence' requirement of CPLR 308(4), it must be shown that the process server made genuine inquiries about the defendant's whereabouts and place of employment." *Sams Distribs., LLC v. Friedman*, No. 2023-00829, 2025 WL 610585, at *1 (N.Y. App. Div. 2d Dept. Feb. 26, 2025) (quoting *Niebling*, 222 A.D.3d at 875); *see also Allstate Ins. Co. v. Rozenberg*, 771 F. Supp.2d 254, 261 (E.D.N.Y. 2011) ("[F]ailed attempts to make delivery at a person's residence will normally not qualify as due diligence unless the process server has also tried to ascertain the person's place of employment."). Additionally, "[t]o satisfy the 'due diligence' standard,

courts 'have [generally] required approximately three attempts at service, optimally on non-consecutive days.'" *Finkel v. Pomalee Elec. Co., Inc.*, No. 16-4200, 2018 WL 1320689, at *7 (E.D.N.Y. Feb. 22, 2018) (quoting *Weifang Xinli Plastic Prod. v. JBM Trading Inc.*, No. 11-2710, 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014)).

The process server's affidavit indicates he attempted to personally deliver the summons and complaint to Jacob at his residential address on Monday, February 10, 2025, at 3:05 PM, Tuesday, February 11, 2025, at 9:36 PM, and Wednesday, February 12, 2025, at 10:28 AM. Plaintiff did not submit any evidence in support of his motion for alternative service indicating the process server made genuine inquiries as to Jacob's whereabouts and place of employment. Merely assuming Jacob's place of employment is the same as his residential address because Jacob apparently owns the website defendant is not enough. *Compare McSorley*, 50 A.D.3d at 653–54 ("The process server's three attempts to personally deliver the summons and verified complaint to the defendant at her home, which, unbeknownst to the process server, adjoined her place of business, did not constitute due diligence."), *with Allianz Ins. Co. v. Otero*, 353 F. Supp. 2d 415, 421–22 (S.D.N.Y. 2004) (process server showed due diligence in asking a neighbor where defendant worked prior to effecting "nail and mail" service even though neighbor did not disclose defendant's place of employment).

Additionally, the service attempts occurred on consecutive weekdays and two of the three service attempts occurred during hours (Monday at 3:05 PM and Wednesday at 10:28 AM) when it reasonably could have been expected Jacob was not home. *Compare Coley*, 170 A.D.3d at 1108–09 (plaintiff failed to establish due diligence when the attempts at personal service occurred on weekdays during hours when defendants could be working or in transit and there was no evidence process server made genuine inquiries about defendant's whereabouts and place of employment), *with Finkel*, No. 16-4200, 2018 WL 1320689, at *7 (process server exercised due diligence when they attempted to serve defendant on four separate occasions, at different times during which it was reasonable to assume defendant would be there, and two of the attempts occurred on non-consecutive days).

Under these circumstances, Plaintiff failed to establish due diligence in attempting to effectuate service pursuant to CPLR 308(1) or (2). Accordingly, Plaintiff is not permitted to resort to "nail and mail" service under CPLR 308(4). Plaintiff's motion for alternative service is denied without prejudice.

Dated this 4th day of March, 2025.

BY THE COURT:

_s/ Jacqueline M. DeLuca_

United States Magistrate Judge