IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THELENDINGFAMILY.COM, an unknown business entity; JOHN DOE, an individual; JACQUELINE LEVY, an individual; and JACOB LEVY, an individual;<br><br>Defendants. | 8:24CV343<br><br>MEMORANDUM AND ORDER |

Before the Court is Plaintiff's Motion for Leave to Permit Alternative Service on TheLendingFamily.com. Filing No. 27. Plaintiff requests this Court allow him to serve TheLendingFamily.com via the New York Secretary of State. For the reasons set forth herein, the Court denies this motion.

Plaintiff filed this putative class action against unknown defendant John Doe and unknown business entity TheLendingFamily.com on September 4, 2024. Filing No. 1. After Plaintiff tried and failed to serve TheLendingFamily.com, the Court granted Plaintiff's motion for expedited discovery and allowed Plaintiff to subpoena the website (Godaddy) hosting TheLendingFamily.com to discover Defendants' identities. Filing No. 9. Plaintiff subsequently filed an amended complaint adding Jacob and Jacqueline Levy as Defendants. Filing No. 11. The Court previously denied Plaintiff's request to serve Jacob via alternative service without prejudice when it found Plaintiff failed to establish due diligence in attempting to effectuate service pursuant to New York state law. Filing No. 23.

1

Plaintiff now requests the Court allow him to serve TheLendingFamily.com via the New York Secretary of State. Plaintiff previously attempted service of the original complaint on TheLendingFamily.com at an address in Brooklyn, New York then-listed on its website. The process server reported an unrelated business and two unrelated residential units were located at this address. Filing No. 27-2 at 1–2 ¶¶ 4–6; Filing No. 7. Plaintiff also attempted to serve TheLendingFamily.com the operative complaint at a different address in Brooklyn, New York now listed on its website. Another unrelated business is located at this address. Filing No. 27-2 at 2 ¶¶ 8–10; Filing No. 26. There is no registered agent listed for TheLendingFamily.com on the New York Secretary of State's website. Filing No. 27-2 at 2 ¶ 13.

Federal Rule of Civil Procedure 4 permits service on a corporation, partnership, or other unincorporated association by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." First *see* Fed. R. Civ. Proc. 4(h)(1)(A); and then *see* Fed. R. Civ. Proc. 4(e)(1). Plaintiff seeks to effect service on TheLendingFamily.com via the New York Secretary of State pursuant to New York Civil Practice Law and Rules ("CPLR") 311-a. *See* Filing No. 27-1.

CPLR 311-a(a) permits service of process on an LLC "pursuant to article three of the limited liability company law." Article three provides the New York Secretary of State "shall be the agent of every domestic [LLC] that has filed with the department of state articles of organization making such designation and every foreign [LLC] upon which process may be served pursuant to this chapter." N.Y. Ltd. Liab. Co. L. § 301(a). Article three also provides that "[n]o domestic or foreign [LLC] may be formed or authorized to do business in [New York] under this chapter unless its articles of organization or application for authority designates the secretary of state as such agent." N.Y. Ltd. Liab. Co. L. § 301(b). Accordingly, the New York Secretary of State is authorized by operation of law to accept service of process as an agent of certain LLCs. *Stelzer v. Wang Law Office, PLLC*, No. 23-cv-4264, 2024 WL 4836299, at *2 (E.D.N.Y. Nov. 20, 2024).

Plaintiff provided no evidence TheLendingFamily.com is an LLC registered with the New York Department of State. *See* Filing No. 27-2 at 2 ¶ 13. Nor does Plaintiff allege TheLendingFamily.com is an LLC at all. Plaintiff alleges TheLendingFamily.com is an

2

unknown business entity. *See* Filing No. 11. Notably, a search on the New York Secretary of State's website for TheLendingFamily.com returns the result "No business entities . . . found." *See* N.Y. Dep't of State, Div. of Corps., Corporation & Business Entity Database Search, https://apps.dos.ny.gov/publicInquiry/ (last visited May 7, 2025).[1] Accordingly, Plaintiff failed to prove service on TheLendingFamily.com via the New York Secretary of State is appropriate pursuant to CPLR 311-a.

Moreover, as set forth above, the Federal Rules explicitly authorize service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." CPLR 311-a only requires a court order to effect service when "service is impracticable under subdivision (a)." CPLR 311-a(b). Accordingly, Plaintiff's request for a Court order authorizing service pursuant to CPLR 311-a, subdivision **(a)**, is not an "alternative" method of service. *See Vallesillo v. Vanguard Equities, LLC*, No. 8:24CV467, 2025 WL 343548, at *1 (D. Neb. Jan. 30, 2025) ("[S]ervice of process on the New York Secretary of State, on behalf of an LLC, is an appropriate preliminary means of service" that does not require the Court's approval).

Even if the Court were to assume that Plaintiff is requesting an order authorizing alternative service pursuant to subdivision **(b)** of CPLR 311-a because he believes service under subdivision (a) is impracticable, the Court will not grant Plaintiff's motion without evidence TheLendingFamily.com is an LLC. CPLR 311-a governs service of process on LLCs. If TheLendingFamily.com is, for example, a sole proprietorship, service of process is governed by the rule for service of process on natural persons—CPLR 308. *See J.A.M. Assocs., LLC v. Gomez*, 169 N.Y.S.3d 798 (Table), at *2 (N.Y. Civ. Ct. 2022). The Court will not presume TheLendingFamily.com's corporate identity, especially on an ex parte motion. Plaintiff must provide evidence as to TheLendingFamily.com's corporate identity, identify the correct statute(s) governing service of process on that type of entity, and cite

---

[1] The Court takes judicial notice of the New York Secretary of State's website. *See Rouse v. Broadway & Cooper LLC*, 753 F. Supp. 3d 153, 166 n.4 & 5 (E.D.N.Y. 2024) ("The Court can and does take judicial notice of information from the New York Secretary of State's website." (quoting *J&J Sports Prods., Inc. v. La Parranda Mexicana Bar & Restaurante Co.*, No. 17-CV-4171, 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018)).

authority supporting his argument the Court may issue an order authorizing alternative service on that entity.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion for Leave to Permit Alternate Service on TheLendingFamily.com, Filing No. 27, is denied.
2) Plaintiff is granted an extension of forty-five (45) days to serve Defendants, including methods of service as permitted under New York state law or the law of the state in which service is to be made. Plaintiff shall provide proof of service by June 20, 2025. Should Plaintiff wish to pursue, or believe it necessary to pursue, alternative or substitute means of service in accordance with state or federal law, Plaintiff shall provide the necessary documentation to the Court as required to use an alternative or substitute method of service of process.

Dated this 8th day of May, 2025.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge